***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
An employee-employer relationship existed between plaintiff and defendant-employer.
The employer's carrier on the claim is American Home Assurance Co.
Plaintiff sustained a compensable injury by accident on March 13, 2000. Defendants accepted liability and completed a Form 60 reflecting that plaintiff had injured "multiple body parts." Plaintiff filed the currently pending hearing request dated February 6, 2002 after the Executive Secretary denied a motion by plaintiff dated December 20, 2001 seeking medical compensation for her right arm/wrist, specifically carpal tunnel release surgery.
The parties stipulated into evidence plaintiff's medical records and the Form 60.
The issue before the Commission is whether plaintiff is entitled to medical compensation for her right arm/wrist, including the cost of the carpal tunnel release surgery recommended by Dr. Kuzma.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 53-years old. She began working for defendants on March 8, 1999. Plaintiff was injured on March 13, 2000, while working as a stocker. She was backing down a ladder and stepped onto a peg on the floor, causing her to fall backwards into a shelf. She injured her left arm and lower back.
2. Prior to her injury by accident on March 13, 2000, plaintiff did not have any problems with either hand. After the fall, she was not able to use her left hand normally. She was originally treated by Dr. Sukhwant Walha, who gave her a splint to wear on her arm. Plaintiff wore it all the time, except when sleeping.
3. Plaintiff later came under the care of Dr. Gary R. Kuzma, an orthopedic physician with a specialty in hand surgery. On October 10, 2001 Dr. Kuzma restricted plaintiff to one-handed work. Dr. Kuzma diagnosed carpal tunnel syndrome and arthritis in her left hand. Dr. Kuzma stated and the Commission finds that these conditions were aggravated by the fall. Dr. Kuzma operated on plaintiff's left hand in April of 2002.
4. After her surgery, plaintiff returned to work as a door greeter. She continued to wear a brace on her left hand through the time of the hearing before the Deputy Commissioner and continued to have pain in her left hand. Plaintiff testified at the hearing before Deputy Commissioner Holmes that her left hand was not as strong as before she fell.
As a result of not being able to use her left hand, plaintiff used her right hand much more, both at work and at home.
On October 10, 2001, plaintiff reported to Dr. Kuzma that she was having pain in both hands. The pain in her right hand continued to grow worse and included shooting pains up to her elbow.
Dr. Kuzma diagnosed plaintiff with arthritis in her right hand and with bilateral carpal tunnel syndrome ("CTS"). Both her arthritis and CTS could have remained asymptomatic for the rest of her life. These conditions pre-existed her fall of March 13, 2000.
Dr. Kuzma testified and the Commission finds that the increased use of plaintiff's right hand aggravated the preexisting carpal tunnel syndrome and arthritis on the right side. Dr. Kuzma stated that this opinion was not dependent on knowing exactly how much increased use plaintiff actually experienced and that it was not necessary for him to know every detail of how she compensated in her use of her hands.
Plaintiff has not reached maximum medical improvement and has not been evaluated for any permanent impairment rating.
This matter was appealed to the Full Commission by defendants from an Opinion and Award awarding benefits and results in the affirmation of that award.
 ***********
Based on the foregoing finding of facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
As a result of her compensable injuries of March 13, 2000, and her overuse of her right hand as a result of said accident, plaintiff's pre-existing conditions in her hands were aggravated to the extent that further medical treatment was necessary. In that the conditions in her right hand are causally related to the original compensable injury, they are therefore also compensable. N.C. Gen. Stat. § 97-2(6).
Plaintiff is entitled to medical compensation for the conditions of her right hand, including payment for the carpal tunnel release surgery and mileage reimbursement for travel to doctors' appointments. N.C. Gen. Stat. § 97-25.
Plaintiff is entitled to an attorney's fee assessed against defendants in the amount of $1,000.00 pursuant to N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injuries so long as they tend to effect a cure and give relief or lessen plaintiff's disability. These expenses shall include treatment of plaintiff's right hand as recommended by Dr. Kuzma and mileage reimbursement to plaintiff for transportation to and from doctors' visits.
Defendants shall pay the costs, including a reasonable attorney's fee in the amount of $1,000.00 to plaintiff's attorney.
This the ___ day of November 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/mb